## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ANTHONY J. BRODZKI,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:10-CV-0539-P-BH** |
| | ) | |
| **NORTH RICHLAND HILLS** | ) | |
| **POLICE DEPARTMENT,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred for screening.

### I.  BACKGROUND

On March 17, 2010, Plaintiff filed this action against the North Richland Hills Police Department ("Police Department").[1]  He claims that while waiting for someone at the corner of the building housing the Police Department in March 2008, he was able to see into the building through a window.  Inside, a very unattractive woman was viewing computer images of him being abused as an eight-year-old child, and he was traumatized as a result of having to relive the abuse.  Attached to the complaint is an initial medical evaluation dated April 2007 stating that the Plaintiff was in treatment for depression because he was abused by a priest when he was eight.  He seeks money damages for pain and suffering.  The Court has granted Plaintiff permission to proceed *in forma pauperis* ("IFP") in this action.  No process has been issued in this case.

### II.  PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed IFP, his complaint is subject to

---

[1]  Plaintiff's complaint mistakenly identifies his residency and the defendant police department as being in "North Richmond Hills", Tarrant County, rather than in North Richland Hills, Tarrant County.

preliminary screening under 28 U.S.C. § 1915(e)(2).[2] That section provides for *sua sponte* dismissal

if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which

relief may be granted."   A claim is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A claim lacks an arguable basis in law when it is

"based on an indisputably meritless legal theory."   *Id.* at 327.   A claim lacks an arguable basis in fact

when it describes "fantastic or delusional scenarios."   *Id.* at 327-28.   Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly base-
> less, a category encompassing allegations that are fanciful, fantastic, and delusional.
> As those words suggest, a finding of factual frivolousness is appropriate when the
> facts alleged rise to the level of the irrational or the wholly incredible, whether or not
> there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough

facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).

   Although Plaintiff sues the North Richland Hills Police Department, a police department

is not a jural entity that can be sued.   *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th

Cir. 1991).   In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit

steps to grant [a] servient agency with jural authority, the agency cannot engage in any litigation

except in concert with the government itself."   *Id.* at 313.   Because Plaintiff seeks relief from an

entity that is not subject to suit, this action should be dismissed as legally frivolous under 28 U.S.C.

---

[2]  The Court recognizes that this action could have been filed in the Fort Worth Division because Plaintiff currently lives in Tarrant County and his claims arise out of events allegedly occurring there.  *See* 28 U.S.C. §§ 124(a)(2) (showing Tarrant County as being in the Fort Worth Division), 1391(b) (setting out where venue is proper).  However, venue is also proper here, and the Court may transfer the action to a more appropriate venue only when the transfer is in the interests of justice.  *See* 28 U.S.C. § 1404(a).  Given Plaintiff's litigation history and frivolity of this action as discussed in this recommendation, the interests of justice do not favor transferring this action to the Fort Worth Division.

§ 1915(e)(2).

Although *pro se* plaintiffs who name a non-jural entity as a defendant should be given an opportunity to amend before dismissal of the action, *see Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993), courts may go ahead and dismiss an action if the plaintiff has alleged his best case or if the dismissal is without prejudice, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  Here, Plaintiff claims he saw someone inside the Police Department looking at pictures of him being abused.  That allegation supports no plausible claim against anyone, and there is no claim apparent from the alleged events that Plaintiff could assert in an amended complaint. The allegations border on factual frivolity because it appears wholly incredible that at the time he just happened to be peeking through a Police Department window, he saw pictures of when he was abused as an eight-year-old, almost forty years earlier.  *See Denton*, 504 U.S. at 32-33 (discussing factual frivolity).  Based on the incredible nature of Plaintiff's alleged events and the absence of a viable claim that could be alleged in an amended complaint based on those events, this action should be dismissed without opportunity to amend.

### III.  SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices."  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."

*Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial pro-

cess are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled

to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be

sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff has filed nine actions in the Northern District of Illinois. Of the eight actions filed

in this district, five were filed in the wrong venue[3] and the others were dismissed through screening.[4]

Plaintiff also filed one of his Illinois actions in the wrong venue,[5] and his other Illinois cases have

resulted in five summary dismissals pursuant to § 1915(e)(2)(B)(i),[6] two outright denials of *in forma*

*pauperis* status,[7] one dismissal for lack of jurisdiction,[8] and a mixed dismissal for failure to allege

a jurisdictional basis or any cognizable claim.[9] After improperly filing seventeen cases since August

2009, Plaintiff was specifically was warned about abusive litigation practices in December 2009.

For this reason, he should be monetarily sanctioned $50.00, told that he may not proceed with future

---

[3] *See Brodzki v. Topeka Police Dep't*, No. 3:09-CV-2065-B (N.D. Tex. filed Oct. 30, 2009) (dismissed for improper venue); *Brodzki v. Seng*, No. 3:09-CV-2067-D (N.D. Tex. filed Oct. 30, 2009) (transferred for improper venue); *Brodzki v. CPD*, No. 3:09-CV-2068-G-AH (N.D. Tex. filed Oct. 30, 2009) (dismissed for improper venue); *Brodzki v. CPD*, No. 3:09-CV-2179-K-BH (N.D. Tex. filed Nov. 16, 2009) (recognizing improper venue but dismissed with prejudice under § 1915(e)); *Brodzki v. Topeka Police Dep't*, No. 3:09-CV-2200-N (N.D. Tex. filed Nov. 18, 2009) (same).

[4] *See Brodzki v. FBI-Dallas*, No. 3:09-CV-2108-B-BH (N.D. Tex. filed Nov. 5, 2009); *Brodzki v. UPS*, No. 3:09-CV-2208-B (N.D. Tex. filed Nov. 18, 2009).

[5] *See Brodzki v. Topeka Police Dep't*, No. 1:09-CV-5956 (N.D. Ill. filed Oct. 21, 2009).

[6] *See Brodzki v. Martinez*, No. 1:09-CV-5236 (N.D. Ill. filed Sept. 1, 2009); *Brodzki v. Chicago Police Dep't*, No. 1:09-CV-5957 (N.D. Ill. filed Sept. 30, 2009); *Brodzki v. U.S. Marshal's Serv.*, No. 1:09-CV-5466 (N.D. Ill. filed Sept. 15, 2009); *Brodzki v. FBI*, No. 1:09-CV-5925 (N.D. Ill. filed Sept. 23, 2009); *Brodzki v. FBI*, No. 1:09-CV-6604 (N.D. Ill. filed Oct. 20, 2009).

[7] *See Brodzki v. Sanan*, No. 1:09-CV-5285 (N.D. Ill. filed Aug. 26, 2009); *Brodzki v. U.S. Marshalls Serv.*, No. 1:09-CV-5441 (N.D. Ill. filed Sept. 24, 2009) (also noting that Plaintiff had failed to state a claim upon which relief could be granted under his statement of facts).

[8] *See Brodzki v. FBI*, No. 1:09-CV-5654 (N.D. Ill. Sept. 11, 2009).

[9] *See Brodzki v. Seng*, No. 1:09-CV-7147 (N.D. Ill. filed Oct. 30, 2009).

actions without showing that he has paid that sanction, and warned that additional abuses of the litigation process may result in more harsh sanctions, including additional monetary sanctions payable to the Court and a prohibition of filing future cases *in forma pauperis* except by leave of court.

## IV.  RECOMMENDATION

This action should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2), and Plaintiff should be sanctioned.

**SIGNED this 31st day of March, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5